### JOHN F. SHANKLIN ET AL. *v.* JOHN F. SHACKLER.

**Fraudulent Conveyances—Conveyance by Husband to Wife—Lien to Wife.**

Where an insolvent husband conveys land of his wife in fraud of his creditors, the creditors may subject the land to the payment of their debts, reserving to the wife a lien on the land to secure the

proceeds of the wife's land which the husband had paid to the creditors.

**Homestead—Subjecting Land by Creditors.**

In subjecting land conveyed by the husband and his wife to payment of the husband's creditors, the homestead should be expressly excepted.

**Dower—In Land Subjected by Creditors.**

In an action by creditors to subject land to the payment of their debts, which had been conveyed to the wife by the husband, the wife can not assert her claim to dower.

APPEAL FROM BULLITT CIRCUIT COURT.

March 12, 1874.

OPINION BY JUDGE PRYOR:

This case is identical, so far as the rights of Shanklin are concerned, with the case recently decided from the same circuit, of Shanklin v. Petkin, Weird et al. In that case it was held that the agreement between Shanklin and Wallace, by which the former undertook, as a consideration for the land, to pay off the existing debts of the latter, could have been changed or terminated at any time without the consent of the creditors. The appellant, Shanklin, has acted in good faith, and the settlement between him and Wallace can not be disturbed. The appellee knew of this conveyance, and ought himself to have taken steps for the purpose of recovering his debt, and can not rely upon the laches of Shanklin as an excuse for his own neglect.

The rights of Mrs. Wallace were not affected by the judgment in the case of Pitkin, Weird et al., but in the present case her land is sought to be sold to pay this debt. The husband, in his insolvent condition, had no power to convey his estate to the wife so as to defeat the claims of creditors, and the latter, therefore, can subject the land to the payment of their debts, subject, however, to the lien the wife has by reason of the payment to the husband's creditors, by Shanklin, of the six thousand dollars, the proceeds of her land. The husband and wife are also entitled to the homestead exemption. It is not necessary now to assert such a claim, as by law it is not subject to sale unless by the consent of parties in the manner perscribed by the statute. In the answer of Wallace and

wife is estimated the value of this homestead, in their attempt to show that the wife paid a full price for the land. This was sufficient to notify the chancellor and the purchaser that the right existed, and in subjecting the property this homestead should have been expressly excepted. The wife's contingent right of dower, if it exists, can not be asserted or its value claimed by her in this proceeding. The purchasers or creditors may see proper to risk the sale and purchase with this contingent claim upon it.

The judgment of the court below is reversed with directions to dismiss the petition as against Shanklin and as to Mrs. Wallace; the homestead should be first set apart; if this can not be done, the whole land should be sold subject to the lien for the $6,000, and the homestead of $1,000, making the whole lien seven thousand dollars. The cause is remanded for further proceedings consistent with this opinion. The appellee should amend his petition, as right to recover depends upon the promise made to pay the debt after the statutory bar. Affirmed on the cross-appeal.

*A. H. Field, R. J. Meyler, for appellants.*

*Barr, Goodloe, Humphrey, for appellee.*